## BUSH v. EL PASO–SARAGOSA OIL CO. et al. (No. 1560.)

(Court of Civil Appeals of Texas. El Paso. Jan. 17, 1924.)

**Appeal and error ⬅672—Fundamental error held not to appear in appointing receiver.**

In a suit against an oil company, alleged to be an unincorporated joint-stock company, and against certain trustees thereof, to recover for services performed, or, in the alternative, to enforce obligations growing out of an alleged partnership, *held*, that no fundamental error appeared in an order appointing a receiver with power to collect and preserve the properties of the company on application by certain defendants.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Suit by John J. Bush against the El Paso-Saragosa Oil Company and others. From an order appointing a receiver, plaintiff appeals. Affirmed.

Roy I. Biggs, of Pecos, and McKenzie & Loose, of El Paso, for appellant.

H. G. Russell, of Pecos, and W. A. Hudson, of Dallas, for appellees.

WALTHALL, J. John J. Bush brought this suit against the El Paso-Saragosa Oil Company, and in his second amended original petition alleges the oil company to be an unincorporated joint-stock company, associated and organized by virtue of a declaration of trust, and certain parties named as trustees thereof, "a common-law trust estate," and against the said named parties as "partners composing the partnership firm known and doing business under the name of the El Paso-Saragosa Oil Company, and alleging that he performed certain labor for the El Paso-Saragosa Oil Company under the direction of its trustees and officers, and under a contract of employment, and earned the sum of $3,600, and admitting a payment of $663.02, and asks judgment for the unpaid balance. He also sued to recover on certain labor accounts of the defendant company assigned to him. He also pleads in the alternative setting up a partnership between himself and said other parties for the purpose of prospecting for and developing such minerals as might be discovered, and stating that under the partnership they now own oil leases, office fixtures and furniture, a complete standard rig and derrick with necessary machinery and tools suitable for drilling of wells, a large footage of heavy casing, etc.; that the defendants are no longer taking part in the conduct of the

partnership business, as required by the partnership agreement; that one of the partners named as agent for the partnership refuses to account for partnership funds which come into his hands as agent; that the partnership is insolvent.

Appellant prays, under one count of his petition, that he have judgment for his debt, costs, and relief, and under the other count that the partnership be dissolved; that a receiver be appointed with power to collect and dispose of the properties for the benefit of all parties at interest, and after the payment of all debts the remaining proceeds be divided as their interests may appear.

Each of the defendants answered, and, as the case is not before us on its merits, we need not state the issues presented by the answers filed, more than to say that some of the defendants while admitting that the defendant oil company is a joint enterprise and association of persons for business, and of which plaintiff is a member and jointly interested with the defendants, they allege that the oil company owes them and other defendants, and to settle which an accounting is necessary, and pray that plaintiff take nothing by his suit. Some of the defendants, other than the oil company, answering for themselves personally, ask for the appointment of a receiver.

Defendant oil company answered by general exception, general denial, and specially alleged, substantially, that it is a trust estate operating and existing under and by virtue of a certain trust agreement entered into between plaintiff and certain of defendants named in plaintiff's petition; that the oil company is insolvent, and unable to pay its debts; that, besides being indebted to plaintiff, there are various and sundry creditors to whom the company owes debts, naming them; that the company leased certain lands, and agreed to pay rentals, and the lessors are now claiming that the rentals are due and unpaid in the sum of more than $10,000; that there may be still other creditors not known to defendant company; that the said trust agreement constitutes plaintiff a partner with all other parties named in the agreement, and that said parties jointly own and are interested in the properties of the oil company, and that by reason of the facts it becomes necessary to appoint a receiver for said property, etc.

Appellant, by general and special exceptions, called in question the sufficiency of the oil company's pleading to justify the appointment of a receiver. The grounds stated are to the effect that the pleading is not verified; that the creditors are general creditors, not secured by liens; the amounts due creditors are small, and mere assertions of claims. There is no statement that the property of the oil company is in danger of being lost or materially injured. The answer does not allege any statutory grounds for the appointment of a receiver. None of the pleadings of the plaintiff, or of the defendants are verified.

The court heard and overruled plaintiff's exceptions to application of the oil company for the appointment of a receiver, and overruled same, to which appellant excepted, and gave notice of appeal. The court thereupon, in term time, entered an order appointing a receiver of the properties of the oil company, with the power to the receiver to collect and preserve said properties until further order is given. Appellant again excepted to the order appointing the receiver, gave notice of appeal, and the case is now before this court on appeal from the order appointing a receiver, the case not having been disposed of on its merits.

#### Opinion.

We have, as above, made a brief statement of the general nature of the matters involved in the suit as disclosed by the transcript filed in this court, and as the facts are stated in the pleadings. This appeal is prosecuted from the order of the court appointing a receiver. Neither assignments of error nor briefs are found in the record. In our search through the record we have not found what seems to us fundamental error in entering an order appointing a receiver with power to collect and preserve the properties of the company.

For reasons stated, the judgment of the court in appointing a receiver is sustained.